# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM H. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:05CV1056 CDP |
| | ) | |
| CITY OF KIRKWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

On July 6, 2005, plaintiff William H. Allen filed a five-count complaint against defendants City of Kirkwood; Michael Swoboda, Kirkwood's mayor; Kenneth Yost, Kirkwood's Director of Public Works; and Kathy Hawkins, Kirkwood's building code enforcement officer. Allen alleges that defendants, jointly or individually, violated his First and Fourteenth Amendment rights by issuing him thirty-four municipal citations in retaliation for his public criticism of proposed changes to Kirkwood's building code. Pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, Allen seeks to enjoin Kirkwood's prosecution of these citations. He also seeks compensatory and punitive damages.

This matter is now before me on several motions to dismiss filed by the defendants. All defendants move to dismiss Allen's claims brought

pursuant to 42 U.S.C. § 1981.  Kirkwood moves to dismiss all of Allen's claims against the municipality.  Finally, Yost and Hawkins claim that they are entitled to qualified immunity on Allen's § 1983 claims.  For reasons set forth below, I will deny the motions to dismiss.

**<u>Background</u>**

Assuming the allegations in Allen's complaint are true and construing them in his favor, the facts are as follows.  Allen is a builder and developer of residential homes in Kirkwood.  In the spring of 2004, Kirkwood introduced several proposed changes to its building code regarding residential front-entry garages.  Swoboda and Yost both supported the proposed changes.  Allen opposed them.

Allen publicly voiced his opposition to the proposed changes at several Kirkwood municipal meetings in May 2004.  At the first meeting, Allen was alone in his opposition to the proposal.  Allen again publicly challenged the rationale behind the proposed changes during a second meeting held on May 20, 2004.  At this second meeting, Allen assembled a number of fellow builders and developers to join him in opposing the proposal.  Swoboda and Yost were both present at this meeting and were both visibly perturbed by Allen's comments.

Shortly after this second meeting, Hawkins, through her authority as Kirkwood's building code enforcement officer, issued a barrage of citations against Allen for various ordinance violations. Over the next five months, Allen was issued a total of thirty-four citations. Records obtained by Allen from the Kirkwood Municipal Court reveal that the number and frequency of Allen's citations were unprecedented. Notably, the fifty-six other multiple property owners in Kirkwood were issued a combined total of twenty-nine citations over the past four years. Allen's efforts to resolve these citations in Kirkwood Municipal Court failed, and he subsequently certified the citations for trial in the St. Louis County Circuit Court. His case is currently pending in that court.

On July 6, 2005, Allen filed a five-count complaint pursuant to §§ 1981, 1983, and 1988 for a temporary restraining order (Count I), preliminary injunction (Count II), permanent injunction (Count III), damages pursuant to § 1988 (Count IV), and punitive damages (Count V). Allen claims that the issuance of the citations and the prosecution of these citations constitute calculated acts of retaliation for Allen's exercise of his First Amendment rights. After a full hearing on Allen's request for a temporary restraining order, I denied his request on July 6, 2005. A hearing

on Allen's request for a preliminary injunction is scheduled for September 14, 2005.

### **Discussion**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Young v. City of St. Charles, Missouri, 244 F.3d 623, 627 (8th Cir. 2001).

A complaint should not be dismissed merely because the court doubts that plaintiff will be able to prove all the necessary allegations. Parnes v. Gateway 2000, Inc., 122 F.3d 539, 546 (8th Cir. 1997). The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence to support his claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A court should grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327

(1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

### I. Allen's § 1981 Claims

Defendants jointly move to dismiss Allen's § 1981 claims for failure to state a claim pursuant to Rule 12(b)(6). Allen concedes that his allegations do not support any grounds for relief under § 1981 and withdraws these claims. Accordingly, I will grant defendants' motion to dismiss Allen's § 1981 claims.

### II. City of Kirkwood

Kirkwood moves to dismiss plaintiff's § 1983 claims for failure to state a claim against the city. Kirkwood contends that Allen's allegations fail to establish grounds for holding the municipality liable under § 1983. Specifically, Kirkwood argues that Allen has failed to cite an established policy or decision that resulted in the deprivation of Allen's constitutional rights. I disagree.

Municipal liability arises under § 1983 only where a plaintiff has alleged that the municipality committed a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." Monell v. Dept. of Social Services of the City of New York, 436 U.S. 658, 690-91 (1978). "Respondeat superior does not apply

under [§] 1983 because municipal liability is limited to conduct for which the municipality is itself actually responsible." McGautha v. Jackson County, Missouri, Collections Dept., 36 F.3d 53, 56 (8th Cir. 1994) (citing Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 736 (1989)). Municipal liability may arise from a single act of a policy maker as long as that policy maker has "final authority to establish municipal policy with respect to the action ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986) (plurality opinion). "[A] 'policy' is an official policy, a deliberate choice of a guiding principle or procedure made by the municipal officer who has final authority regarding such matters." Mettler v. Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999)) (citing Ware v. Jackson County, 150 F.3d 873, 880 (8th Cir. 1998)). The official responsible for a challenged policy or decision "is a matter of state law determined by the court." McGautha, 36 F.3d at 56 (citing Jett, 491 U.S. at 737).

When viewed in a light most favorable to Allen, the allegations in his complaint are sufficient to hold Kirkwood liable under § 1983. The basis of Allen's § 1983 claim is that Kirkwood, through the decisions of its executive officers, issued thirty-four municipal citations in retaliation for Allen's exercise of his First Amendment rights. Allen identifies the individuals in

Kirkwood's government who have final authority with respect to the issuance of the building code citations at issue.  Hawkins, as Kirkwood's building code enforcement officer, is charged with enforcement of these ordinances and thus had the authority and discretion to implement the alleged plan of retaliation.  Hawkins works within Kirkwood's Building Commissioner Division, which is one of six divisions in Kirkwood's Public Works Department.  Yost, as Director of Public Works, oversees Hawkins.

Kirkwood does not dispute the scope of administrative authority that Yost and Hawkins possess under state law, nor does Kirkwood contend that final authority to issue citations rests with Kirkwood officials other than Yost and Hawkins.  Cf. Betchel v. City of Belton, 250 F.3d 1157, 1161 (8th Cir. 2001) (affirming summary judgment in favor of the defendant municipality because the municipal official that the plaintiff alleged retaliated against him for exercising his First Amendment rights was not the highest official responsible for setting the challenged policy).  Instead, Kirkwood attempts to construe Allen's complaint solely as a challenge to the actions of Kirkwood's prosecuting attorney for refusing Allen's efforts to resolve his citations in Kirkwood Municipal Court.

I disagree with this strained interpretation of the allegations in Allen's

complaint. Allen's alleged injuries did not arise solely from the conduct of the prosecuting attorney. On the contrary, his injuries arose from the decision to enforce an unprecedented number of citations against him in the wake of his public criticism of Swoboda and Yost's preferred building code changes. The initial decision to enforce these citations did not rest with the prosecuting attorney, but rather with Yost and Hawkins. Accordingly, Allen's allegations are sufficient to maintain a § 1983 claim against Kirkwood. Kirkwood's motion to dismiss Allen's § 1983 claim is therefore denied.

Kirkwood's motion to dismiss Allen's other claims must also fail. Kirkwood's motion to dismiss Allen's § 1988 claim is predicated upon the dismissal of Allen's § 1983 claim. Because I denied Kirkwood's motion to dismiss Allen's § 1983 claims, I will also deny the city's motion to dismiss Allen's § 1988 claim. Finally, Allen has withdrawn any claim for punitive damages against Kirkwood, and thus the city's motion is dismiss this claim is denied as moot.

### III. Kenneth Yost and Kathy Hawkins

Yost and Hawkins move to dismiss Allen's § 1983 claims against them under Fed. R. Civ. P. 12(b)(6) on qualified immunity grounds. Yost

and Hawkins claim that the exercise of their discretion in the issuance of citations to Allen was objectively reasonable because Allen admitted that his conduct was unlawful. Assuming Allen's allegations are true, I conclude that Yost and Hawkins' actions violated clearly established law and thus do not entitle them to qualified immunity.

"Qualified immunity shields governmental officials from personal liability if their actions, even if unlawful, were 'nevertheless objectively reasonable in light of the clearly established law at the time of the events in question.'" Turpin v. County of Rock, 262 F.3d 779, 783 (8th Cir. 2001) (quoting Anderson v. Creighton, 483 U.S. 635, 638-39 (1987)). "To be clearly established, the 'contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.'" Weaver v. Clarke, 45 F.3d 1253, 1256 (8th Cir. 1995) (quoting Anderson, 483 U.S. at 640). A two-step analysis applies to claims of qualified immunity: first, I must determine whether Allen has alleged the violation of a constitutional right; second, I must determine whether that right was clearly established at the time of the alleged violation. Id. at 1255 (citations omitted). Finally, qualified immunity is an affirmative defense, and thus "will be upheld on a 12(b)(6) motion only when the immunity is

established on the face of the complaint." Id. (citations omitted).

Yost and Hawkins' argument in support of qualified immunity centers on Allen's alleged admission that he was guilty of the conduct charged in each of his citations. According to Yost and Hawkins, Allen has "no constitutional right to be free from the lawful issuance of citations." (Emphasis in original). While each of these citations may be lawful on its face, the overarching intent with which each was issued – if proven – renders Yost and Hawkins' actions unconstitutional. See Garcia v. City of Trenton, 348 F.3d 726, 729 (8th Cir. 2003) (holding that the alleged issuance of valid parking tickets to plaintiff in retaliation for her arguments with the mayor was sufficient to preclude summary judgment on plaintiff's First Amendment retaliation claim); Futernick v. Sumpter Tp., 78 F.3d 1051, 1057 (6th Cir. 1996) ("[S]elective enforcement intended to discourage or punish the exercise of a constitutional right, especially the right to criticize the government, is sufficient basis for [§] 1983 relief.").

In this case, regardless of the facial validity of Allen's citations, his allegations preclude Yost and Hawkins' qualified immunity defense. First, his complaint states a claim of retaliation for the exercise of his First Amendment rights. To state such a claim, a plaintiff must show that (1) he

was engaged in a constitutionally protected activity; (2) he suffered adverse action which would "chill a person of ordinary firmness from continuing … in that activity;" and (3) that the adverse action was motivated in part by the plaintiff's exercise of his First Amendment rights. Carroll v. Pfeffer, 262 F.3d 847, 850 (8th Cir. 2001) (citing Bloch v. Ribar, 156 F.3d 673, 678 (6th Cir. 1998)).

Assuming that Allen's allegations are true, his complaint satisfies each of these elements. First, his public criticism of the Swoboda and Yost's proposed building code changes is protected speech under the First Amendment. See Naucke v. City of Park Hills, 284 F.3d 923, 928 (8th Cir. 2002) (noting that plaintiff's public opposition to proposed changes in the city's fire department "is the type of speech intended to be protected by the First Amendment."). Second, a five-month barrage of thirty-four municipal citations in response to Allen's public criticism would be sufficient to "chill a person of ordinary firmness" from freely speaking out at city meetings in the future. See Garcia, 348 F.3d at 729 (holding that engaging the "punitive machinery of government" in the form of several parking tickets totaling thirty-five dollars is sufficient to preclude summary judgment for the city on plaintiff's First Amendment retaliation claim). Finally, the allegations

related to the timing and unprecedented number of citations could give rise to an inference that the sudden enforcement of these citations was motivated in part by Allen's outspoken opposition to the proposed changes in Kirkwood's building code.  In sum, Allen has alleged the violation of a constitutional right.

As to the second step of the qualified immunity analysis, I find Yost and Hawkins' contention that this right was not clearly established under the circumstances of this case to be unpersuasive.  No person in Yost and Hawkins' positions could have reasonably believed that Kirkwood's administrative enforcement powers could be used as a means of silencing critics of the city's leaders.  See Pendleton v. St. Louis County, 178 F.3d 1007, 1011 (8th Cir. 1999) ("Assuming, as we must, that Defendants engaged in this conduct in furtherance of a conspiracy to retaliate against Plaintiffs for exercising their First Amendment rights, Defendants could not have reasonably believed that their actions comported with clearly established law.").  As discussed above, the fact that Yost and Hawkins employed lawful means to effectuate their unlawful retaliation does not render their actions reasonable.  In sum, based on the allegations of the complaint, Yost and Hawkins are not entitled to qualified immunity on

Allen's § 1983 claims.

## Conclusion

Allen's allegations are sufficient to survive a motion to dismiss. This order accepts the allegations of the complaint as true, as is required in deciding a Rule 12(b)(6) motion. Nothing in this opinion should be construed by either side as a decision on the merits or as an indication of whether the Court believes Allen can prove his allegations or whether he will prevail on his motion for injunctive relief.

Accordingly,

**IT IS HEREBY ORDERED THAT** defendants' motion to dismiss the § 1981 claims [#16] is granted.

**IT IS FURTHER ORDERED** that the defendants' other motion to dismiss [#12, #14] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2005.